UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN COWLEY and KARA COWLEY,

    Plaintiffs,

v.        CASE NO: 8:10-cv-2263-T-26AEP

BRANCH BANKING AND TRUST COMPANY
d/b/a BB&T Bankcard Corporation d/b/a BB&T
Recovery, and WELTMAN, WEINBERG
& REIS CO., LPA,

    Defendants.
_____/

**O R D E R**

Before the Court are two motions to dismiss the complaint: (1) the Motion to Dismiss filed by Branch Banking and Trust Company (BB&T) (Dkt. 11); and (2) the Motion to Dismiss filed by Weltman, Weinberg & Reis Co., LPA (WWR). (Dkt. 13). Plaintiffs have filed a response. (Dkt. 15). After careful consideration of the allegations of the Complaint (Dkt. 1), the arguments, and the applicable law, the Court concludes that the motions should be granted with leave for Plaintiffs to amend.

**RELEVANT ALLEGATIONS**

In this action based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the FDCPA) and the Florida Consumer Collection Practices Act, section 559.55 *et seq*. of the Florida Statutes (the FCCPA), Plaintiffs seek damages

and declaratory relief. Plaintiffs allege that they were guarantors of a business line of credit for Warehouse Concepts, Inc., which is a company engaged in providing warehouse organization consultation. (Dkt. 1 at para. 10). Plaintiffs were the principals and shareholders of Warehouse Concepts, Inc. (Dkt. 1 at para. 11). The guaranty, attached as Exhibit B to the Complaint, was signed on July 15, 2002, by both Plaintiffs. (Dkt. 1 at Exh. B). On December 1, 2003, Plaintiffs sold Warehouse Concepts, Inc., to their son and daughter-in-law. (Dkt. 1 at para. 12). Plaintiffs also allege that on December 1, 2003, the guaranty was amended by BB&T to substitute Plaintiffs for the new account holders as signatories, and Plaintiffs revoked the guaranty. (Dkt. 1 at para. 13). Plaintiffs contend that their revocation of the guaranty leaves the amended contract in place under which they are not liable. (Dkt. 1 at para. 14).

On January 12, 2010, Plaintiffs received a letter from BB&T seeking collection of a debt in the amount of $18,349.93, which debt was "associated with Plaintiffs' guarantee of a business line of credit." (Dkt. 1 at para. 15). On January 26, 2010, Plaintiffs sent a written notice to BB&T disputing the validity of the debt. (Dkt. 1 at para. 17, Exh. A). Thereafter, on May 7, 2010, BB&T contacted Plaintiffs by telephone twice at their home to collect the debt. (Dkt. 1 at para. 18). Throughout the month of May, BB&T continued to verify the debt. (Dkt. 1 at paras. 20 & 21). On June 30, 2010, WWR, on behalf of BB&T, sent a debt collection notice to Plaintiffs in the amount of $21,438.43. (Dkt. 1 at para. 24, Exh. C).

## STANDARD OF REVIEW

All factual allegations of the complaint are considered true and all inferences from those facts will be construed in the light most favorable to the plaintiff. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. of Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). The complaint must allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The factual allegations must be "enough to raise a right to relief above the speculative level." Id., 550 U.S. at 545. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). As part of stating a claim for relief, the complaint must "identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir.), reh'g denied, 273 F.3d 395 (11th Cir. 2001), cert. denied, 534 U.S. 1129, 122 S.Ct. 1067, 151 L.Ed.2d 970 (2002) (determining that complaint failed to allege element of motive and permitted opportunity to amend). A complaint may be dismissed "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## ANALYSIS

Both Defendants argue that the debt is not a "debt" or "consumer debt" as that term is defined under the FDCPA[1] and the FCCPA.[2]  A plain reading of the complaint shows that the debt, as alleged, is not a consumer debt.  Plaintiffs allege that the debt was incurred as a "business line of credit." (Dkt. 1 at para. 10).  The face of the guaranty attached as Exhibit B, denotes that the credit was extended to a business, Warehouse Concepts, Inc.  (Dkt. 1, Exh. B).  Notwithstanding these allegations, Plaintiffs contend in their response that the debt arose out of a transaction "for personal or household goods." Plaintiffs urge this Court to interpret the word "personal" in a very broad sense.  Absent a better explanation based on case law or sufficient allegations to convey why this debt that is designated as a "business line of credit" falls under the definition of a debt or consumer debt covered by the acts, the complaint does not state a claim for relief under either act.

---

[1]  15 U.S.C. § 1692a of the FDCPA defines a "debt" in pertinent part as follows:
any obligation or alleged obligation of a consumer to pay
money arising out of a transaction in which the money,
property, insurance, or services which are the subject of the
transaction are primarily for personal, family, or household
purposes, . . .

[2]  Section 559.55(1) of the Florida Statutes defines a "consumer debt" in pertinent part as follows:
any obligation or alleged obligation of a consumer to pay
money arising out of a transaction in which the money,
property, insurance, or services which are the subject of the
transaction are primarily for personal, family, or household
purposes, . . .

The Court, nevertheless, will permit Plaintiffs one more time to attempt to allege a claim under the acts.

Having determined that the complaint does not state a claim based on a consumer debt, the Court need not address the remaining arguments. Plaintiffs' concessions that a private right of action does not exist under 15 U.S.C. § 1681s-2(a) are well-taken, however, and the Plaintiffs should delete any such allegations from the amended complaint.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) BB&T's Motion to Dismiss (Dkt. 11) is granted.

(2) WWR's Motion to Dismiss (Dkt. 13) is granted.

(3) Plaintiffs shall file an amended complaint in accordance with this order no later than December 29, 2010.

(4) Defendants shall file their responses to the amended complaint within ten (10) days of service.

**DONE AND ORDERED** at Tampa, Florida, on December 16, 2010.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record